IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY (US) HOLDINGS, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 12-1686-RGA |
| SYNTELLECT, Inc., F/K/A APROPOS TECHNOLOGY, INC. And ENGHOUSE INTERACTIVE INC., | : : : : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

"A familiar saying is that two lawyers will grow rich where one will starve."[1] This case seems to be consistent with that saying.

Here, Pragmatus sued Seagate in what appears to have been a nuisance value patent infringement lawsuit. Seagate requested indemnity and defense from Enghouse. Enghouse refused. Seagate, through its counsel, Wilson Sonsini of Palo Alto, California, then spent $575,000 in attorneys' fees defending the Pragmatus lawsuit, which eventually settled for $25,000. Seagate has also spent to date in excess of $1,500,000 in attorneys' fees trying to get Enghouse to honor its indemnity agreement. Enghouse, through its attorneys, Fennemore Craig of Phoenix, Arizona, has fully litigated the defense. I recently ruled on summary judgment in favor of Seagate, holding that Enghouse breached the indemnity agreement. (D.I. 85, 86). The question of damages for the breach was bifurcated (D.I. 49 at 14-15; D.I. 53 at 2), and, post-summary judgment, I asked the parties for a joint status report and a proposal for how to proceed.

---

[1] Per the internet, this sentence appeared in Brewer, *"The Ideal Lawyer,"* ATLANTIC MONTHLY (Nov. 1906).

(D.I. 86). Based on my summary judgment ruling, it seems to be the case that Enghouse will now be paying the fees not only for Fennemore Craig but also for Wilson Sonsini.

The parties dispute whether there is a right to a jury trial on the $575,000 in attorneys' fees. The answer is not clear to me. Seagate submitted a few cases, which did not, on the surface, seem very compelling. Enghouse requested an opportunity for full briefing on the matter.

There is a dispute about the production of unredacted invoices relating to the $575,000. The parties had talked about an agreement that there would be no waiver of the attorney-client privilege, after which Seagate said it would produce the unredacted invoices. Enghouse says it has not had time to work out the stipulation so I should just order production of unredacted invoices.

There are also disputes about whether there should be expert discovery in connection with the reasonableness of Wilson Sonsini's representation of Seagate in the Pragmatus lawsuit.

It is hard to get this case moving until some of these preliminary issues are resolved.

Thus, this 7 day of October, 2015, **IT IS HEREBY ORDERED** that Plaintiff shall file a motion seeking to strike Defendant's request for a jury trial on the reasonableness of the $575,000 in attorneys' fees,[2] with a supporting brief, on or before October 16, 2015; Defendant shall file an answering brief on or before October 27, 2015; and Plaintiff shall file any reply brief on or before November 2, 2015. **IT IS HEREBY FURTHER ORDERED** that the parties shall meet-and-confer on the "Rule 502 stipulation" and either submit a joint stipulation no later than October 13, 2015, or submit competing proposals with supporting letters no later than October

---

[2] I do not mean to limit how the parties frame the issue. I assume that the actual amounts billed or paid are documented and will not involve any disputed material facts. But perhaps that is not the case.

15, 2015, and appear on October 20, 2015, at 2:00 p.m. to discuss the merits of the competing proposals. Should the parties file the joint stipulation, Plaintiff shall produce the unredacted invoices no later than October 20, 2015.

It appears to me that resolving the other issues must await the resolution of the jury trial issue.[3]

                                                    /s/ Richard G. Andrews
                                                United States District Judge

---

[3] Seagate suggests that Enghouse is vexatiously litigating by insisting on its right to a jury trial. If Enghouse has a right to a jury trial on the $575,000 issue, as it very well might, I am not aware of any authority that says it must surrender that right just because a jury trial would be an expensive proposition, especially where, as things stand, most of the expense will be borne by Enghouse.